UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

   Plaintiff,

            Case No. 20-cr-20346
v.            Honorable Victoria A. Roberts

Johnathon Ketzner,

   Defendant.

---

**Stipulated Preliminary Order of Forfeiture**

---

Plaintiff, by and through its undersigned attorney, together with the defendant, Johnathon Ketzner, by and through his attorney Mitchell T. Foster, (collectively, "the Parties"), submit this Stipulated Preliminary Order of Forfeiture to the Court for immediate entry, and stipulate and agree to the following:

On August 5, 2020, an Indictment was filed charging the defendant with two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1). The Indictment includes a Forfeiture Allegation providing notice that, pursuant to pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), upon defendant Johnathon Ketzner's conviction for the offenses charged in the Indictment, he shall forfeit to

the United States any firearm or ammunition involved in or used in any knowing violation of section 922(g). (ECF No. 1, PageID.2-3).

On September 23, 2020, the government filed a Forfeiture Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to supplement and clarify the forfeiture allegations contained in the Indictment, and to provide notice of specific property the Government intends to forfeit upon conviction, including, but not limited to:

a. Smith & Wesson 442 Revolver CAL:38 SN:CWR3104;

b. 5 Rounds Hornady Ammunition CAL:38; and

c. Taurus International Spectrum Pistol CAL:380 SN:1F017660.

(ECF No. 16, Page ID.230).

On May 11, 2021, defendant Johnathon Ketzner entered into a Rule 11 Plea Agreement ("Rule 11") and pleaded guilty to Count One of the Indictment charging him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 45).

In the Rule 11, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in the knowing commission of the violation of 18

U.S.C. § 922(g), including but not limited to one (1) Taurus Spectrum, .380 caliber semi-automatic handgun and one (1) Smith & Wesson 442, .38 caliber revolver. (ECF No. 45, PageID.528).

In the Rule 11, the defendant agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following defendant's guilty plea, upon application by the United States as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agreed that the forfeiture order will become final as to him at the time entered by the Court. (ECF No. 45, PageID.528-529).

In the Rule 11, the defendant expressly waived his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure. (ECF No. 45, PageID.529).

In the Rule 11, the defendant further waived the requirements of Rule 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. *Id.*

In the Rule 11, the defendant acknowledged that he understands

3

that the forfeiture of property is part of the sentence that may be imposed in this case and waived his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Federal Rule of Criminal Procedure 11(b)(l)(J).  The defendant further agreed to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearm(s) and ammunition referenced above. (ECF No. 45, PageID.529).

In the Rule 11, the defendant knowingly, voluntarily, and intelligently waived any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. (ECF No. 45, PageID.530).

Based on the defendant's guilty plea and Rule 11, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 924(d)(1) together with 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, **IT IS HEREBY ORDERED THAT:**

1.   The defendant Johnathon Ketzner's interest in the following:

    a) Smith & Wesson 442 Revolver CAL:38 SN:CWR3104;
    b) 5 Rounds Hornady Ammunition CAL:38; and

c) Taurus International Spectrum Pistol CAL:380 SN:1F017660;

(collectively, "Subject Assets") **IS HEREBY FORFEITED** to the United States of America pursuant to 18 U.S.C. § 924(d)(1) together with 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2 for disposition according to the law, and any right, title, or interest of the defendant, and any right, title, or interest that his heirs, successors, or assigns have, or may have, in the Subject Assets is hereby and forever **EXTINGUISHED**.

2. Upon entry of this order, the United States shall publish on [www.forfeiture.gov](www.forfeiture.gov), notice of this preliminary forfeiture order and of its intent to dispose of the Subject Assets in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Assets may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's

alleged interest in the Subject Assets. The petition must identify petitioner's alleged right, title, or interest in the Subject Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Assets, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Assets.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order shall become final as to the defendant at sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

[*This section intentionally left blank.*]

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Agreed as to form and substance:

Saima S. Mohsin
Acting United States Attorney

| | |
|---|---|
| s/Michael El-Zein | s/Michael T. Foster (by consent) |
| Michael El-Zein (P79182) | Mitchell T. Foster (P46948) |
| Assistant U.S. Attorney | Attorney for Johnathon Ketzner |
| U.S. Attorney's Office | PO Box 798 |
| 211 W. Fort Street, Ste. 2001 | Milford, MI 48381-0798 |
| Detroit, MI 48226 | (248) 684-8400 |
| (313) 226-9770 | mitch@mitchfosterlaw.com |
| michael.el-zein@usdoj.gov | |
| | |
| Dated: August 5, 2021 | Dated: August 8, 2021 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

s/ Victoria A. Roberts
Dated: 8/11/2021
Hon. Victoria A. Roberts
United States District Judge