UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 20-20346

      Plaintiff/Respondent,   HON. VICTORIA A. ROBERTS

v.

JOHNATHAN KETZNER,

      Defendant/Petitioner.
_____/

**ORDER GRANTING GOVERNMENT'S MOTION (ECF No. 75) AND ADVISING DEFENDANT OF ATTORNEY-CLIENT PRIVILEGE WAIVER**

Defendant Johnathan Ketzner filed a motion to vacate his sentence under 28 U.S.C §2255 (ECF Nos. 65 and 74). Ketzner alleges that he received ineffective assistance from his trial counsel, Attorney Todd Shanker. In response, the Government filed a motion asking the Court to find a waiver of the attorney-client privilege, direct Ketzner's trial counsel to provide information and testimony related to the ineffective assistance claims, and extend the time to respond to the petition (ECF No. 75).

The attorney-client privilege protects certain communications

1

between an attorney and client from disclosure without the client's permission. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). The privilege applies to "all stages of all actions, cases, and proceedings" including habeas proceedings. *Id.* (quoting Fed. R. Evid. 1101(c)). But "the attorney-client privilege cannot be used as a sword and a shield at the same time." *United States v. Lossia*, No. 04-80422, 2008 WL 192274, at *1 (E.D. Mich. Jan. 23, 2008) (Pepe, M.J.). "The privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *Lott*, 424 F.3d at 452. For instance, a habeas petitioner who "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct" waives the attorney-client privilege by implication. *Id.* (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)). Then, the Court will construe the implied waiver narrowly, only "to the extent necessary to litigate a petitioners' ineffective assistance of counsel claims." *Id.*

Here, Ketzner alleges ineffective assistance from his trial counsel. Specifically, Ketzner alleges that he received ineffective assistance of

2

counsel because counsel (1) allegedly promised Ketzner a sentence of time served if he waived the initial bond hearing and consented to detention (ECF No. 74, PageID.697); (2) allegedly promised Ketzner a sentence of time served if he simply pled guilty to counts two and three of the Supervised Release Violation (*Id.*); (3) allegedly not objecting when the Court sentenced on count one of the Supervised Release Violation "as if a hearing was held on the alleged violation" (*Id.*, PageID.699); (4) allegedly failing to review discovery and the probation reports with Ketzner (*Id.*, PageID.700); and (5) allegedly failing to ask Ketzner if any promises or inducements had affected his willingness to plead guilty to the violations (*Id.*, PageID.701). The Government cannot adequately investigate and respond to Ketzner's motion without obtaining information from Ketzner's trial counsel regarding his communications with Ketzner.

If Ketzner chooses to preserve the attorney-client privilege between himself and Mr. Shanker, he may withdraw the ineffective-assistance-of-counsel claims. If Ketzner chooses not to withdraw the ineffective-assistance-of-counsel claims, the Court will recognize that

3

Ketzner has waived the attorney-client privilege and work-product privilege to the extent necessary to litigate his claims. Moreover, the Court will order Mr. Shanker to provide testimony and all documents and communications with Ketzner relating to the issues raised in his motion.

It is hereby ordered that the Government's motion (ECF No. 75) is granted. Unless Ketzner withdraws the ineffective-assistance-of-counsel claims within 30 days of this order, the Court will consider Ketzner to have waived the attorney-client privilege to the extent necessary to litigate his claims.

SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
United States District Judge

Dated: 1/12/2023